Lee, J.
delivered the opinion of the court.
The court is of opinion, that notwithstanding Joseph Morrison, at the time of taking the assignment of the bond of John M. Clarke and James A. Clarke from Austin Peay, took from the said Peay a mortgage upon other real estate, by way of further and additional security to that afforded by the deed of trust executed by the said John M. Clarke upon the property for the purchase money of which said bond was given, yet the said assignment by the said Peay being for value received by him of the said Morrison, in the absence of proof of an express agreement to the contrary, must be regarded as importing a guarantee that the said Morrison should receive the full amount due upon the bond; and the right on the part of Morrison to resort to the said Peay for any part thereof which he might be unable to collect from the said Clarkes, if no want of due and proper diligence in pursuing his remedies against them could justly be imputed to him.
*156 And the court is further of opinion, that the subsefifient sale by the trustee of the property conveyed in to secure the payment of the said debt by the said John M. Clarke, and the sale of the property mortgaged say<^ Peay f°r the same purpose, and the application of the proceeds of both in discharge of so much of the debt, did not impair or affect the right of the said Morrison to hold the said Peay responsible for any balance of the same that might still remain unsatisfied.
And the court is further of opinion, that if the delay on the part of -the trustee in the deed of trust executed by Clarke, to make sale of the property thereby conveyed, might under different circumstances, occasion a forfeiture of the right of Morrison to hold the said Peay personally responsible on his assignment, yet it not appearing that said delay was occasioned by the active agency of the said Morrison, nor that he can be regarded as assenting to it in any other sense than might be justly imputed to Peay, to whom the right to hasten the action of the trustee by a proper proceeding for that purpose, if danger were apprehended from delay, was equally open and available; and it further not appearing that the value of the security was in any degree affected or diminished by the delay, it cannot serve to discharge the said Peay from liability upon his assignment.
And the court is further of opinion, that whether due diligence on the part of the said Morrison in the prosecution of his remedies against the said Clarkes was or was not consistent with the delay that was suffered to take place before the sale was made under the trust executed by the said John M. Clarke, is a question not very material to be decided in this cause; because the court is of opinion, that from the answer of the appellant and the evidence in the case, it sufficiently appears that on the 24th of February 1841, when the principal of the bond of the said Clarkes became due and paya *157 ble according to its terms, both the said Clarkes had become insolvent, and that a suit against them would have been unavailing, and was therefore unnecessary establish the right of the said Morrison to maintain his action against the said Peay upon his assignment the said bond. And as it respects the interest accruing semiannually upon the principal secured by the said bond, anterior to the period when said principal itself became due, the court is of opinion that although by the terms of the deed of trust executed by Clarke, a sale of the property was authorized to be made by the trustee in default of payment of such interest as the same accrued and fell due, yet from the circumstances disclosed in the cause, it does not feel authorized to say that such a sale of the property for interest in arrear would have been a judicious and expedient measure; still less that it was a necessary one to preserve the right of the said Morrison to hold the said. Peay personally responsible upon his assignment for the principal of the said debt or any part thereof, or the interest thereon accruing after the said principal became due and.payable according to the terms of the said bond.
And the court is further of opinion, that the deed from the said Austin Peay to the appellant of the 27th of January 1843, was made as disclosed by the evidence in the cause, under such circumstances of fraud and covin, and with such intent to hinder, delay and defraud the creditors of the said Austin Peay, that the same was, and was properly held to be, utterly void and of no effect as to the said appellees and other creditors of the said Austin Peay; and should not have been suffered to stand in their way in the prosecution of their remedies for the recovery of their respective debts.
And the court is further of opinion, that the said Austin Peay being at the time of the institution of this *158 suit no inhabitant of this commonwealth, but a citizen of a foreign state, sufficient ground was shown for the • jurisdiction of the court in this cause, and to authorize the appellees to assail the said deed from the said Auss tin Peay to the said William A. Peay as fraudulent, notwithstanding they had prosecuted no previous suit, nor recovered a judgment against the said Austin Peay for the amount claimed by them to be due upon his assignment of the bond of the said Clarkes.
The court is therefore of opinion, that there is no error in the said decree, and that the same be affirmed with costs to the appellees.
Decree' affirmed.